IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM C. PARKER,                )
                                  )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     1:11CV746
                                  )
CAROLYN W. COLVIN,[1]             )
Commissioner of Social Security,  )
                                  )
            Defendant.            )

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff William Parker ("Plaintiff") brought this action pursuant to Section 1631(c)(3) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.   PROCEDURAL HISTORY

Plaintiff protectively filed applications for Disability Insurance Benefits ("DIB") and SSI on May 5, 2009, alleging a disability onset date of August 1, 2006. (Tr. at 123-39.)[2] His applications were denied initially (Tr. at 52-53, 60-67) and upon reconsideration (Tr. at 54-55, 71-88). Thereafter, he requested a hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. at 89-90.) Plaintiff appeared at the hearing, held on March 2, 2010, along with his representative and an impartial vocational expert. At that time, Plaintiff amended his onset date to August 20, 2009. Because the amended date falls after Plaintiff's date last insured for DIB purposes, Plaintiff impliedly withdrew his request for DIB by making this change. Therefore, the hearing and all subsequent proceedings only concern Plaintiff's claim for SSI. (Tr. at 17.)

The ALJ ultimately determined that Plaintiff was not disabled within the meaning of the Act (Tr. at 26-27) and, on July 19, 2011, the Appeals Council denied Plaintiff's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review (Tr. at 1-3).

II.  LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, the scope of review of such a decision is "extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ

---

[2] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer [Doc. #7].

if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472. "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir.

3

1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[3]

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at the first two steps, and if the claimant's impairment meets or equals a "listed impairment" at step three, "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but

---

[3] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program (SSDI), established by Title II of the Act as amended, 42 U.S.C. § 401 et seq., provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program (SSI), established by Title XVI of the Act as amended, 42 U.S.C. § 1381 et seq., provides benefits to indigent disabled persons. The statutory definitions and the regulations promulgated by the Secretary for determining disability, see 20 C.F.R. pt. 404 (SSDI); 20 C.F.R. pt. 416 (SSI), governing these two programs are, in all aspects relevant here, substantively identical. " Craig, 76 F.3d at 589 n.1.

falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment," then "the ALJ must assess the claimant's residual functional capacity ('RFC')." Id. at 179.[4] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the [Government] to prove that a significant number of jobs exist which the claimant could perform, despite the claimant's impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.[5]

---

[4] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." Hines, 453 F.3d at 562-63.

[5] A claimant thus can qualify as disabled via two paths through the five-step sequential evaluation process. The first path requires resolution of the questions at steps one, two, and three in the claimant's favor, whereas, on the second path, the claimant must prevail at steps one, two, four, and five.

III. DISCUSSION

In the present case, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since his alleged onset date. He therefore met his burden at step one of the sequential evaluation process. At step two, the ALJ further determined that Plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical spine, obesity, depression, and substance abuse disorder. (Tr. at 20.) After finding at step three that these impairments did not meet or equal a disability listing, the ALJ assessed Plaintiff's RFC and determined that he was limited to unskilled, medium work, such that he could not return to his past relevant work under step four of the analysis. (Tr. at 21-25.) However, the ALJ concluded at step five, that, given Plaintiff's age, education, work experience, and RFC, he could perform other jobs available in the community and was therefore not disabled. (Tr. at 25-26.)

After receiving notice of the ALJ's unfavorable decision, Plaintiff "took the decision to his treating psychiatrist, Barbara Kamholz . . . who prepared a narrative report explaining the severity of the impairments at issue in the claim." (Pl.'s Br [Doc. #10] at 3.) A fax cover sheet from Plaintiff's attorney to the Appeals Council indicates that, on June 1, 2010, Plaintiff then submitted Dr. Kamholz's report to the Appeals Council along with his request for review, fee agreement, and attorney appointment form. (Tr. at 11.) However, as Plaintiff correctly notes, "the report is not part of the official record of proceedings relating to this case," despite the inclusion of all of the other documents associated with Plaintiff's submission. (Pl.'s Br. at 3.) Moreover, the Appeals Council's decision never indicates whether the Council received or

considered the newly-submitted report. Plaintiff therefore contends that the Appeals Council erred in failing to consider Dr. Kamholz's narrative.

Both parties acknowledge that the Appeals Council need only consider additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Secretary of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (citing Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). They then argue at length as to whether Dr. Kamholz's report met these criteria. However, it is up to the Appeals Council to decide in the first instance whether additional evidence meets these criteria and will be considered. See Meyer v. Astrue, 662 F.3d 700, 705-06 (4th Cir. 2011) (noting that where additional evidence is submitted to the Appeals Council, "the Appeals Council first determines if the submission constitutes 'new and material' evidence that 'relates to the period on or before the date of the [ALJ's] hearing decision'") (quoting 20 C.F.R. § 404.970(b)). If the Appeals Council concludes that the additional evidence is new and material and relates to the period before the ALJ's decision, the Appeals Council must then consider the new evidence along with the entire record in deciding whether to grant review of the ALJ's decision. Wilkins, 953 F.2d at 95.[6]

In this case, nothing in the record indicates whether the Appeals Council accepted the additional evidence and considered it in deciding to deny review. Thus, it is not clear whether the Appeals Council considered Dr. Kamholz's opinion in deciding whether to review the ALJ's

---

[6] The Court notes that pursuant to non-binding internal Social Security procedures, the Appeals Council's decision should ordinarily indicate whether the additional evidence was considered, and if it was not considered, should generally state why it was not considered (i.e., that it was not new and/or material or did not relate to the period on or before the date of the ALJ decision). HALLEX I-3-5-20.

decision, or instead deliberately (or even inadvertently) excluded Dr. Kamholz's opinion from the record.  It is thus unclear from the current record whether the Appeals Council in this case followed the applicable regulatory provisions as outlined by the Fourth Circuit in Wilkins.

Moreover, the Court cannot conclude that the Appeals Council's failure in this regard constitutes harmless error.  The additional evidence at issue includes an opinion of a treating physician that has not been addressed by a fact-finder.  The Fourth Circuit has noted that a lack of additional fact finding regarding new evidence "does not render judicial review 'impossible' -- as long as the record provides 'an adequate explanation of the Commissioner's decision.'" Meyer, 662 F.3d at 707 (quoting DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983) (internal brackets omitted)).  However, where new evidence competes with the evidence underlying an ALJ's decision, a situation arises in which "no fact finder has made any finding as to the [new evidence] or attempted to reconcile that evidence with the conflicting and supporting evidence in the record." Meyer, 662 F.3d at 707.  Because "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder," the Court "must remand the case for further fact finding" in such an instance.  Id.

In the present case, because it is unclear whether the Appeals Council considered or rejected the additional evidence in accordance with the applicable regulatory provisions, and because the additional evidence involves a competing or conflicting opinion by a treating

8

physician that may require reconciliation by a fact-finder, the Court concludes that this matter requires remand under sentence four of 42 U.S.C. § 405(g).[7]

IT IS THEREFORE RECOMMENDED that Defendant's Motion for Judgment on the Pleadings [Doc. #11] be DENIED, that Plaintiff's Motion for Summary Judgment [Doc. #9] be GRANTED, and that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Appeals Council to further address Dr. Kamholz's report in accordance with this Recommendation.

This, the 4th day of September, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[7] The Court notes that this case does not involve new evidence submitted for the first time to the Court under sentence six of 42 U.S.C. § 405(g), since Plaintiff contends that the evidence was actually submitted to the Appeals Council. Cf. Wilkins, 953 F.2d at 96 n.3 (contrasting the submission of new evidence to the Appeals Council and the submission of new evidence to the court).